specified for the deposition, hearing, trial, production, or inspection."[90]  The question thus becomes whether Texas law permits Edulog to serve a subpoena at some place in Texas other than the Northern District.  Texas Rule of Civil Procedure 176.5 states that "a subpoena may be served at any place within the State of Texas."[91]  Edulog's service of the subpoena on Tyler's authorized agent in Austin, Texas, is therefore proper.

Tyler complains that responsive documents are located more than 100 miles from the location of service or production.  The Advisory Committee Notes for Rule 45 explain that a "person subject to the subpoena is required to produce materials in that person's control whether or not the materials are located in that person's district or within the territory within which the subpoena can be served."[92]  Tyler's objection has no merit.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion to compel and require Tyler to provide the requested documents within five (5) business days.  Given the immediacy with which Plaintiffs need the requested documents, Plaintiffs also respectfully request that the Court shorten the briefing schedule to require that Tyler respond to this motion within 7 days with any reply by Edulog to be submitted 2 days thereafter.  Plaintiffs also respectfully request that all fees and costs associated with the preparation of this Motion to Compel be taxed against Tyler, and for such other and further relief to which they are entitled.

---

[90]  FED. R. CIV. P. 45(b)(2)(C).
[91]  TEX. R. CIV. P. 176.5.
[92]  FED. R. CIV. P. 45 advisory committee's note (December 1991 Amendment of Rule).