AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

CTH 2/18/11
@ 2:45pm

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| EDUCATION LOGISTICS, INC., ET AL. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 07-06-M-DWM |
| LAIDLAW TRANSIT, INC | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) District of Montana, Missoula Division ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Capitol Corporate Services, Inc. as Registered Agent for Tyler Technologies, Inc.
800 Brazos, Suite 400, Austin, Texas 78701

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
  See Exhibit A

| Place: ATTN: Stephen C. Schoettmer, Thompson & Knight LLP, One Arts Plaza, 1722 Rough Street, Suite 1500, Dallas, Texas 75201 | Date and Time: 02/28/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 2/14/2011

_____          _____
 *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*
       CLERK OF COURT                       OR      Stephen C Schoettmer

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Plaintiffs__
_____, who issues or requests this subpoena, are:

Samuel T. Bull, FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400, Seattle, WA 98101
E-mail: bulls@foster.com  Telephone: (206) 447-5142

AFFIDAVIT ATTACHED

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 07-06-M-DWM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* AFFIDAVIT ; or

☐ I returned the subpoena unexecuted because: _____ ATTACHED

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# AFFIDAVIT OF SERVICE

Came to hand on the **18th** day of **February**, 2011, at **2:45** o'clock **pm**.
Cause No. **07-06-M-DWM**

Executed at **800 Brazos Street, Suite 400** Austin, Texas 78701 within the County of **Travis** at **4:15** o'clock **pm** on the **18th** day of **February**, 2011, by delivering to the within named:

TYLER TECHNOLOGIES, INC.,
by delivering to its Registered Agent, CAPITOL CORPORATE SERVICES, INC.,
by delivering to its designated agent, TONI OZEN, in person, a true copy of
this Supboena to Produce Documents, having first endorsed upon such copy of
such Subpoena the date of delivery.

I am not a party to or interested in the outcome of the suit referenced above. I am authorized by written order to serve citation and other notices. I am not less than eighteen (18) years of age.

Service Fee $

| EDUCATION LOGISTICS, INC., ET AL | By: _____[signature]_____ |
| --- | --- |
| Plaintiff | Tom Kroll   ID# SCH - 3012 (Authorized Person) |
| V. | THOMAS PROCESS |
| LAIDLAW TRANSIT, INC. | 809 Rio Grande Street |
| | Suite 103 |
| | Austin, Texas   78701 |
| Defendant | (512) 320-8330 |

VERIFICATION

STATE OF TEXAS        §
COUNTY OF TRAVIS      §

  BEFORE ME, A NOTARY PUBLIC, on this day personally appeared **Tom Kroll**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
  Given under my hand and seal of office this 19th day of February, A.D., 2011.

_____[signature]_____
NOTARY PUBLIC, STATE OF TEXAS

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

VersaTrans Solutions ("VersaTrans"), a division of Tyler Technologies, Inc., shall produce all Documents in its possession, custody or control that are responsive to the requests below.

### DEFINITIONS

1. "Contract" means any agreement, written or oral.

2. "Document(s)" means, without limitation and in the broadest sense possible, writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of notation made on such copies or otherwise, including without limitation all internal and external email, letters, faxes, communications of any nature, reports, opinions, summaries, data compilations, charts, worksheets, spreadsheets, agreements, memoranda, and notes.

If information is on a computer disc, tape, or other memory or storage device, the term "document" means an electronic file in native file format. Please save these electronic files to disc and produce them along with any responsive hard-copy documents. If responsive data is maintained in a computer database that cannot be printed or produced in native format, in your response please describe (a) the types of data catalogued, (b) the software used to store, search, and display the data, and (c) the types of reports that can be produced from the data.

3. "Edulog" means Education Logistics, Inc.

4. "Initial Sale" means the first sale made by VersaTrans to a new customer.

5. "Laidlaw" means Laidlaw Transit, Inc., a Delaware corporation, now known as First Student or FirstGroup America, along with all of its successors in interest, affiliates, subsidiaries, current and former employees, staff members, supervisors, officials, executives, officers, directors, board members, managers, representatives, agents, attorneys, consultants, experts, investigators, accountants, "Laidlaw Planning Solutions" and any other person(s) or entity(ies) directly or indirectly retained by Laidlaw Transit, Inc. or anyone else acting on its behalf or otherwise subject to its control.

51123531.2

6. "LMI" means Logistics Management, Inc.

7. "LPS" means Laidlaw Planning Solutions.

8. "Person" or "Persons" means a natural person or persons, corporations, partnerships, or any other entity. Conversely, "entity" means entities as well as natural persons.

9. "Routing software providers" means any provider of routing software, including but not limited to Ecotran, Edgar, EPS, GeoSpatial Technologies, MicroAnalytics, Transfinder, Trapeze, and VersaTrans Solutions.

10. "VersaTrans" means VersaTrans Solutions, a division of Tyler Technologies, Inc., including its successors and predecessors in interest.

11. Applicable time frame. Unless otherwise specified, responses to this subpoena should incorporate all available material from January 1, 1987 to present.

12. Singular/Plural. The use of the singular or plural form of a word should not be construed to exclude any information from any answer or response. The plural should therefore include the singular, and the singular should therefore include the plural, when necessary to prevent such exclusion.

13. "And" & "Or." The words "and" and "or" should not be interpreted to exclude any information from any answer or response. Both words should be interpreted to mean "and/or" when necessary to prevent such exclusion

## SUBPOENAED DOCUMENTS

1. All contracts entered into between VersaTrans and Laidlaw including without limitation all drafts of same, and all copies with any hand-written notes thereon.

2. All documents, including, but not limited to, correspondence, letters, memos, emails, faxes, and hand-delivered notes, exchanged between Laidlaw and any employee or former employee of VersaTrans related to the purchase, provision, installation, or promotion of bus routing software, including those circumstance in which routing software was discussed as part of a larger package.

-2-

51123531.2

3. All documents, including, but not limited to, correspondence, letters, memos, emails, faxes, and hand-delivered notes, exchanged between VersaTrans and any third-party related to the promotion by Laidlaw of VersaTrans services and products.

4. All sales and/or promotional material provided by VersaTrans to Laidlaw related, even in part, to bus routing software.

5. All documents reflecting the number of requests for proposals that VersaTrans received from school districts or school bus contractors (such as Laidlaw) in each year from 2003 to present.

6. All documents reflecting the number of requests for proposals received from school districts or school bus contractors (such as Laidlaw) to which VersaTrans responded in each year from 2003 to present.

7. All VersaTrans responses to requests for proposals received from school districts or school bus contractors (such as Laidlaw) from 2003 to present.

8. All documents reflecting revenue received by VersaTrans relating to the sale of routing software from initial sales to school districts in each year since 1987, or since VersaTrans's inception, if VersaTrans was not then in business.

9. All documents reflecting revenue received by VersaTrans from annual licensing and/or maintenance fees relating to routing software from each school district in each year since 1987, or since VersaTrans's inception, if VersaTrans was not then in business.

10. All documents reflecting VersaTrans's aggregate sales of routing software in each year since 1987, or since VersaTrans's inception, if VersaTrans was not then in business.

11. All documents reflecting the number of salespeople in VersaTrans's sales force in each year since 1987, or since VersaTrans's inception, if VersaTrans was not then in business.

12. All documents reflecting VersaTrans's market and sales promotion budget in each year since 1987, or since VersaTrans's inception, if VersaTrans was not then in business.

51123531.2

13.  All documents reflecting the number of sales calls made by VersaTrans on school districts in each year since 1987, or since VersaTrans's inception, if VersaTrans was not then in business.