IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDUCATION LOGISTICS, INC., ET AL. | § § § | |
| Plaintiffs, | § § | NO. 3-11-MC-036-L-BD |
| VS. | § § | |
| LAIDLAW TRANSIT, INC. | § § § | |
| Defendant. | § | |

**<u>ORDER</u>**

Plaintiffs Education Logistics, Inc. and Logistics Management, Inc. have filed an emergency motion to compel non-party Tyler Technologies, Inc. ("TTI") to comply with a Rule 45 subpoena for the production of documents issued by the clerk of this court. According to plaintiffs, the documents at issue relate to their claims against Laidlaw Transit, Inc., currently pending in Montana federal court, and will be relied upon by plaintiffs' expert, whose report is due by April 15, 2011. Plaintiffs contend that TTI has asserted non-specific, boilerplate objections to the subpoena, and has failed to produce a single document. By this motion, plaintiffs seek an order overruling TTI's objections and compelling the production of documents on an expedited basis.

Although the certificate of conference recites that counsel for both parties personally discussed each and every item in dispute, it is not clear *why* agreement could not be reached. *See* N.D.Tex. LCivR 7.1(b)(2) (certificate of conference must explain, *inter alia*, "why agreement could not be reached" on the merits of a motion). Nor is court convinced that the attorneys held *meaningful discussions* in an attempt to resolve this discovery dispute without judicial intervention.

*See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988). Accordingly, the following orders are hereby entered to facilitate the prompt and efficient disposition of this motion:

1. Counsel for plaintiffs and TTI shall *meet face-to-face* in an attempt to resolve all matters in dispute. This meeting shall be held by **March 15, 2011.** The attorneys should focus their discussions on the substantive information and documents requested by plaintiffs. In other words, TTI should produce all responsive, non-privileged documents in its possession, custody or control, subject to being reimbursed for the reasonable costs of production, and affirmatively indicate whether any responsive documents have been withheld. A privilege log must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client, work product, or other privilege or immunity. *See* FED. R. CIV. P. 26(b)(5)(A). Plaintiffs should not persist in opposing any objections at this time if all responsive information and documents have been provided. Any attorney who fails to comply with these guidelines will be subject to sanctions.

2. The parties shall submit a joint status report by **March 17, 2011.** This report must contain the following information: (a) the names of the attorneys who participated in the discovery conference; (b) the date the conference was held and the amount of time the parties conferred; (c) the matters that were resolved by agreement; (d) the specific matters that need to be heard and determined; and (e) a detailed explanation of the reasons why agreement could not be reached as to those matters. The joint status report must be signed by all participating attorneys. Any attorney who fails to sign the report will be subject to sanctions.

The purpose of a joint status report is to enable the court to determine the respective positions of each party regarding the subject matter of a discovery dispute in a single written submission. To

this end, the parties should present all of their arguments and authorities in the body of the report. Supporting evidence and affidavits may be submitted in a separate appendix. The arguments, authorities, and evidence relied on by a party must be provided to opposing counsel before the attorneys finalize and sign the joint status report. If further briefing is desired before any unresolved matters are decided, the joint status report must indicate why the party requesting further briefing could not fully present its arguments and authorities in the report. The court, in its discretion, may allow further briefing upon request by any party.

The joint status report and appendix must be filed electronically in accordance with Miscellaneous Order 61, the CM/ECF Civil and Administrative Procedures Manual, and the CM/ECF User Guide. A copy of the joint status report and any supporting materials shall be *hand delivered* to the office of the district clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas, Attn: Vila Fisher, the same day.

3. The parties shall submit an agreed order in lieu of a joint status report if this discovery dispute is resolved. An agreed order, signed by all counsel of record, must be submitted electronically to Kaplan_Orders@txnd.uscourts.gov by **March 17, 2011**. A copy of the signed agreed order must be *hand delivered* to the office of the district clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas, Attn: Vila Fisher, the same day.

4. The court intends to rule on any unresolved issues based on the written submissions of the parties, including the joint status report. *See* N.D.Tex. LCivR 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). However, the court, in its discretion or upon the request of any party, may schedule oral argument prior to ruling on the motion.

SO ORDERED.

DATED: March 9, 2011.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE