IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDUCATION LOGISTICS, INC., a Montana corporation, and LOGISTICS MANAGEMENT, INC., a Washington corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>LAIDLAW TRANSIT, INC., a Delaware corporation<br><br>        Defendant,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>        Respondent. | MISC. ACTION NO. 3-11-MC-036-L-BD<br><br>(Civil Action No. 07-06-M-DWM pending in: District of Montana, Missoula Division)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

## PROTECTIVE ORDER

1.    This action (the "Texas Action") is a peripheral proceeding to the lawsuit pending in U.S. District Court for the District of Montana captioned *Education Logistics, Inc. v. Laidlaw Transit, Inc.*, Cause No. CV02-183 (the "Montana Action"). Edulog sued Defendant Laidlaw Transit, Inc. ("Laidlaw") for breaches of contract on bases including that Laidlaw

failed to use its "best efforts to promote" the Edulog Software as required by a 1992 Agreement between Edulog and Laidlaw (the "failure to promote claim").

2. Tyler Technologies, Inc. ("Tyler") possesses documents relating to Edulog's failure to promote claim against Laidlaw, and such documents may contain confidential and proprietary business information that qualifies as a trade secret under the Uniform Trade Secrets Act.

3. A protective order governing the use and disclosure of confidential information by Edulog and Laidlaw was entered in the Montana Action on August 18, 2008. The Protective Order entered herein is intended to provide protection for confidential and highly confidential information that will be produced by Tyler and which may be used by the parties in the Montana Action.

4. All discovery obtained from Tyler and the information referenced therein, regardless of its designation by Tyler as "Confidential" or "Attorneys' Eyes Only", shall be used solely for the purpose of prosecuting or defending the Montana Action and for no other purpose.

5. Tyler may designate as "Confidential" any information that it in good faith believes embodies confidential proprietary information ("Confidential Information") that is not publicly known. Tyler may designate Confidential Information by stamping each page of a document containing such Confidential Information with the legend "Confidential." With respect to multi-page documents which contain Confidential Information, the designation may be made by stamping only the first page thereof "Confidential." Inadvertent failure to designate material as Confidential shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice.

6. Confidential Information may be disclosed to or made available only to the following "Qualified Persons" as defined herein. The term "Qualified Persons" means:

(a) The Court in the Montana Action and employees thereof, if filed under seal, unless ordered otherwise;

(b) The parties to the Montana Action, including their in-house counsel, outside counsel, employees and agents, but only if such persons are actively participating in the litigation;

(c) Court reporters;

(d) The parties' outside experts, advisors or consultants, but only to the extent reasonably deemed necessary by the parties' counsel of record; provided that such experts, advisors or consultants are not employed by any non-party competitor of Tyler and that prior to disclosure of any Confidential Information, the party producing the information shall deliver a copy of this Protective Order to any such expert, advisor or consultant, shall explain the terms of the Protective Order, and such expert, advisor or consultant shall execute a copy of the Confidentiality Agreement in the form of Exhibit A. The expert, advisor, or consultant shall further acknowledge that he or she is subject to the jurisdiction of the courts in the Montana Action and the Texas Action, and to any other court that may obtain jurisdiction. A copy of each such undertaking shall be forwarded to the other parties at the end of the Montana Action or at the time the identity of the expert, advisor or consultant is disclosed. If any expert, advisor or consultant is called to testify, a copy of such person's undertaking will be provided to the other party no later than that time;

(e) Potential fact witnesses, to the extent reasonably necessary, in connection with their testimony or in preparation thereof, provided that such witness is given a copy of the Protective Order, is advised that he or she is subject to its terms and conditions, and acknowledges the terms thereof by the execution of the Confidentiality Agreement in the form of Exhibit A. The witness shall further acknowledge that he or she is subject to the jurisdiction of the courts in the Montana Action and the Texas Action, and to any other court that may obtain jurisdiction. A copy of such Confidentiality Agreement shall be furnished to Tyler at the

PROTECTIVE ORDER - 3
517841 000002 DALLAS 2722720.1

end of the Montana Action or the time the identity of the fact witness is disclosed. In the case of actual testimony, the witness shall acknowledge on the record that he or she has read the Protective Order and will abide by its terms; and

    (f)    Other persons only after notice to Tyler and upon order of the Court in the Texas Action, or upon prior written consent of Tyler.

7. The terms "counsel," "expert," "advisor" and "consultant" shall include their staff who are assigned to and necessary to assist such counsel, expert, advisor or consultant in the preparation of this litigation.

8. If Tyler produces information that is more highly private than Confidential Information, Tyler may designate such documents or information for attorneys' eyes only ("Attorneys' Eyes Only Information"). The purpose of the Attorneys' Eyes Only Information designation is to provide a mechanism whereby Tyler may produce certain documents containing confidential financial, customer, and/or proprietary information for use in the Montana Action without those documents and information being made available to the parties themselves, except under the terms of this Protective Order, by a further specific agreement of the parties and Tyler, or by order of the Court.

9. Edulog and Tyler agree that certain information produced by Tyler is automatically subject to the "Attorneys' Eyes Only" designation, regardless of whether Tyler designates the information as such. The following information is agreed to be "Attorneys' Eyes Only Information" and will be subject to the disclosure restrictions below:

    a.    Tyler's confidential marketing methods and confidential pricing of its products, software and services; and

    b.    Tyler's confidential methodology relating to its products, software and services, including by not limited to, implementation, installation, processing, system design and other confidential information related to its provision of bus routing software, and related products, to its customers.

If Edulog believes the information does not fall within these agreed categories, it may object to the designation of the information as set forth herein. Nothing in this paragraph limits Tyler's right to designate additional information, not subject to 9(a) or(b), as "Attorneys' Eyes Only" as Tyler deems appropriate or as determined in the Texas Action.

10.     Tyler may designate Attorneys' Eyes Only Information by stamping each page of a document containing such Attorneys' Eyes Only Information with the legend "Attorneys' Eyes Only."  With respect to multi-page documents which contain Attorneys' Eyes Only Information, the designation may be made by stamping only the first page thereof "Attorneys' Eyes Only."  Inadvertent failure to designate material as Attorneys' Eyes Only shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice.

11.     Attorneys' Eyes Only Information may be disclosed to or made available by the parties to the Montana Action only to the following "Qualified Persons for Attorneys' Eyes Only Information" as defined herein.  The term "Qualified Persons for Attorneys' Eyes Only Information" means:

(a)     The parties' attorneys of record, and any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

(b)     The court in the Montana Action, and the employees thereof, including necessary stenographic and clerical personnel (*e.g.*, court reporters) if filed under seal, unless the court orders otherwise;

(c)     The parties' outside expert(s) or consultant(s) whom counsel, in good faith, require to provide assistance in the course of the Montana Action; <u>provided</u> that such experts, advisors or consultants are not employed by any competitor of Tyler and that prior to disclosure of any Attorneys' Eyes Only Information, the producing party's counsel shall deliver a copy of this Protective Order to any such expert, advisor or consultant, shall explain the terms of the Protective Order, and such expert, advisor or consultant shall execute a copy of the

PROTECTIVE ORDER - 5
517841 000002 DALLAS 2722720.1

Confidentiality Agreement in the form of Exhibit A. A copy of each such undertaking shall be forwarded to Tyler at the end of the Montana Action or at the time the identity of the expert, advisor or consultant is disclosed. If any expert, advisor or consultant is called to testify, a copy of such person's undertaking will be provided to Tyler no later than that time; and

(d)     Any person from whom testimony is taken, except that such person may only be shown copies of Attorneys' Eyes Only Information during his or her testimony, and may not retain any Attorneys' Eyes Only Information after his or her testimony and further provided that such witness is given a copy of the Protective Order, is advised that he or she is subject to its terms and conditions and acknowledges the terms thereof by the execution of the Confidentiality Agreement in the form of Exhibit A. The party seeking to use such a document with a witness must give Tyler five days notice of the intention to use the document, including the identity of the witness. A copy of such Confidentiality Agreement shall be furnished to the other parties at the end of the Proceeding or the time the identity of the fact witness is disclosed. In the case of actual testimony, the witness shall acknowledge on the record that he or she has read the Protective Order and will abide by its terms.

12.     All Qualified Persons who have received Confidential and/or Attorneys' Eyes Only Information pursuant hereto shall safeguard such information so as to prevent its disclosure to persons who are not Qualified Persons entitled to see such Confidential and/or Attorneys' Eyes Only Information.

13.     Subject to applicable Civil Rules and Rules of Evidence, documents containing Confidential and/or Attorneys' Eyes Only Information may be offered into evidence in the Montana Action or as part of any hearing related thereto, only on the following conditions:

(a)     <u>Use as an Exhibit at Trial.</u>  Prior to using any of Tyler's Confidential or Attorneys' Eyes Only information as an exhibit at trial in the Montana Action, counsel for the parties and counsel for Tyler will meet and confer regarding those documents that will be marked for identification as exhibits by the parties. The parties will raise concerns

with the sealing of particular exhibits during the pre-trial conference with the Judge in the Montana Action, without actually filing the exhibits and the Judge will make the ultimate determination of whether a particular document should be submitted under seal at trial. Tyler shall bear the ultimate burden to show that the document is actually confidential.

(b) <u>Use in Any Other Filing.</u> In the event that the parties intend to use a document designated by Tyler as Confidential or Attorney's Eyes Only in any filing or pleading in the Montana Action, including as an exhibit to a declaration in support of a dispositive motion, then prior to filing the document, the party intending to use the document will make a motion to file the document or documents under seal, as defined by the applicable local rules. If the Court denies the request, the party seeking to introduce the documents will not file the documents with the Court unless: (i) the documents can be sufficiently redacted to prevent the disclosure of confidential and proprietary information; or (ii) the Court specifically finds that using the documents will not reveal any confidential and proprietary information. Edulog will provide Tyler with such redacted versions of documents for review and comment prior to filing and shall be given an opportunity to participate in any court proceeding regarding the classification and use of the documents at issue.

(c) The parties may object to the Confidential and/or Attorneys' Eyes Only designation by notifying Tyler of their challenge prior to the later of April 15, 2011, the expert disclosure deadline in the underlying Montana action, or two (2) weeks from the date of production. Edulog and Tyler agree to make reasonable efforts to resolve any disputed designations. Edulog and Tyler agreed that the Texas Court will retain jurisdiction to decide any issues as to whether a document has been properly designated that cannot be resolved by agreement, and Edulog expressly agrees not to bring such a challenge in the Montana Action. The objection shall be made in writing to Tyler's counsel (the "Notice"). The Notice shall attach a copy of such designated material or shall identify each subject document by production number and shall (a) state that Edulog objects to the designation and (b) sets forth the particular

reasons for such objection and specific portions of the document at issue. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation prior to any court filing. If the objection cannot be resolved by agreement within ten (10) calendar days of the date of service of the objection, the objecting party may move in the Texas Action to remove the Confidential and/or Attorneys' Eyes Only designation. All material whose designation is so objected to shall continue to be treated as Confidential and/or Attorneys' Eyes Only Information until there is a ruling to the contrary.

14. The parties or Tyler may move for an order that Confidential or Attorneys' Eyes Only Information offered in evidence be received under conditions to prevent its disclosure to persons or entities not entitled under this Protective Order to have access to it.

15. All discovery from Tyler, including information designated as Confidential and/or Attorneys' Eyes Only Information and all copies thereof, shall be destroyed, and certified to Tyler as having been destroyed, or returned to counsel for Tyler within sixty (60) days after the final conclusion of the Montana Action.

16. After the termination of the Montana Action, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential and/or Attorneys' Eyes Only Information has been disclosed or communicated. Edulog agrees that a violation of this Protective Order will cause imminent and irreparable harm to Tyler.

17. The inadvertent production of any discovery material by Tyler shall be without prejudice to any claim that such material is privileged and/or protected from discovery as work product, and Tyler shall not be held to have waived any such claim by inadvertent production, provided that the producing party promptly advises the other parties of its position and identifies the documents to which the assertion is claimed. All inadvertently produced material as to which a claim of privilege is asserted and any copies thereof shall be returned promptly.

18. If Confidential and/or Attorneys' Eyes Only Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for

the disclosure shall immediately bring all pertinent facts relating to such disclosure to counsel for Tyler, without prejudice to other rights and remedies, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

19. Any notice required or permitted herein shall be made to the Parties' counsel of record. Notice may be by telephone with facsimile confirmation or other such means so as to provide timely notice as appropriate.

20. Nothing herein shall prevent the Parties from seeking an order from the courts in the Montana Action or the Texas Action further restricting the use or access to information.

21. The parties and Tyler shall be entitled to seek modification of this Protective Order for good cause shown by application to the Texas Action court on reasonable notice to the other parties hereto.

**IT IS SO ORDERED.**
DATED this 23 day of March, 2011.

_____
United States ~~District~~ Magistrate Judge

PROTECTIVE ORDER - 9
517841 000002 DALLAS 2722720.1

AGREED:

_Stephen C. Schoettmer_
State Bar No. 16551420

Kim McCrea
State Bar No. 24041434

THOMPSON & KNIGHT L.L.P.
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1700
Fax:    (214) 969-1751

**ATTORNEYS FOR PLAINTIFFS EDUCATION LOGISTICS, INC. AND LOGISTICS MANAGEMENT, INC.**

_Andrew B. Russell_
State Bar No. 24034661

Blake Edwards
State Bar No. 24050553

K&L GATES
1717 Main Street, Suite 2800
Dallas, Texas 75201
Phone: (214) 939-5500
Fax:    (214) 939-5849

**ATTORNEYS FOR RESPONDENT TYLER TECHNOLOGIES, INC.**

## **EXHIBIT A – CONFIDENTIALITY AGREEMENT**

   I acknowledge that I, _____ (Name), of _____ (Place and Position of Employment), am about to receive confidential and/or attorneys' eyes only information supplied by _____ (Party). I certify that I understand that such information will be provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER dated _____, 2011. I further represent that I have been given a copy of and have read that PROTECTIVE ORDER and that I agree to be bound by all of its applicable terms. I also understand that documents and/or information having any confidential or attorneys' eyes only designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information.

_____    _____
Date                Signature

PROTECTIVE ORDER - 11
517841 000002 DALLAS 2722720.1